**SIGNED THIS: March 2, 2016**

_____
**Mary P. Gorman
United States Chief Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| In Re ) | |
| ) | Case No. 14-90026 |
| AMANDA K. COYLE, ) | |
| ) | Chapter 7 |
| Debtor. ) | |

# O P I N I O N

Before the Court is an objection to the Debtor's claim of exemptions filed by three of her siblings who are judgment creditors. The objection is based on allegations of fraud, conversion, and bad faith. Because the creditors have failed to establish that the Debtor is not entitled to the exemptions she claimed, their objection will be denied.

**I. Factual and Procedural History**

Amanda K. Coyle ("Debtor") filed her voluntary petition under Chapter 7 on January 14, 2014. Jacqueline R. Coyle, Jon T. Coyle, and Michael W. Coyle ("Coyle Creditors"), the Debtor's siblings, were scheduled as judgment creditors in the amount of $719,564.89. On her statement of financial affairs ("SOFA"), the Debtor disclosed that the Coyle Creditors' judgment was obtained in an action prosecuted against her in Dane County, Wisconsin.

On her schedules, the Debtor disclosed joint ownership of a residence in Urbana, Illinois, with her non-filing spouse, John Geissal. She also listed ownership of a vehicle, a boat, modest amounts of household goods and furnishings, several small bank accounts, and other personal property. Relevant to the issues here, the Debtor disclosed ownership of a "Baird IRA" in the amount of $243,405 and of a "Baird Roth IRA" in the amount of $23,996. On her Schedule C, the Debtor claimed virtually all of her real and personal property, including both IRAs, as exempt.

After conducting several creditors meetings and reviewing documents provided by the Debtor, Kristin Wilson, the Chapter 7 Trustee ("Trustee"), filed an objection to the Debtor's claim of exemptions. The Trustee asserted that the Debtor had used an inapplicable Illinois statute to claim an exemption in her boat. The Trustee also asserted that the Debtor's exemptions in her IRA and Roth IRA should be disallowed because some of the funds used to make contributions to the IRAs were obtained by the Debtor through misuse of a power of attorney and conversion of the Debtor's father's assets. Additionally, the Trustee argued that the claimed exemption in the IRAs should be disallowed because, although the

Debtor disclosed the IRAs on her schedules, she had failed to initially disclose her annual contributions to the IRAs at paragraph 10 of her SOFA.

The Coyle Creditors also filed an objection to the Debtor's claim of exemptions. They claimed that the Debtor was not entitled to any exemptions because she had filed her petition in bad faith and because she had converted funds belonging to their father, commingled those funds with her own funds, and used the commingled funds to contribute to the IRAs and make payments on her home and vehicle. The Coyle Creditors also asserted that the IRA exemptions should be denied because the Debtor failed to disclose her annual IRA contributions at paragraph 10 of her SOFA. Finally, they raised the same objection as the Trustee to the inapplicable statutory citation for the Debtor's claim of exemption in her boat.

The day after the objections were filed by the Trustee and the Coyle Creditors, the Debtor filed an amended SOFA. At paragraph 10 of the amended SOFA, the Debtor reported that she had contributed $6000 to her IRA on March 10, 2012, for tax year 2011, $6000 on March 15, 2013, for tax year 2012, and $6000 on March 15, 2013, for tax year 2013.

The Coyle Creditors also commenced an adversary proceeding against the Debtor objecting to her discharge and seeking to have her debt to them excepted from any discharge that might be granted. After trial on the objection to discharge counts of the Coyle Creditors' amended complaint, the Debtor's discharge was denied. *See Coyle v. Coyle (In re Coyle),* 538 B.R. 753, 767 (Bankr. C.D. Ill. 2015). This Court found that the Debtor had transferred $25,000 to attorneys

representing her in the Wisconsin state court matters and $3400 to her husband from her Baird money market account on the same day that she learned that Baird had been served with a citation to discover assets by the Coyle Creditors. *Id.* at 766. The Debtor's payments to her attorneys and her husband were found to have been made with the intent to hinder and delay collection by the Coyle Creditors. *Id.* But this Court also found that the other evidence presented by the Coyle Creditors with respect to the objection to discharge counts of their amended complaint was insufficient to support denial of discharge. Specifically, as to the IRA contributions made by the Debtor during the several years before filing bankruptcy, this Court found that "the Debtor denied the contributions were in contemplation of a bankruptcy filing, and her testimony in that regard was credible and not rebutted." *Id.* at 768.

The objections to exemptions were held in abeyance pending the outcome of the Coyle Creditors' objection to discharge. After the Debtor's discharge was denied, the Trustee withdrew her objection to the Debtor's claim of exemptions. At a hearing held on the Coyle Creditors' objection, the parties agreed that there were no factual disputes related to the exemption issue and asked that a briefing schedule be set. All of the briefs have been filed and the matter is ready for decision.

## II. Jurisdiction

This Court has jurisdiction over the issues before it pursuant to 28 U.S.C. §1334. All bankruptcy cases and proceedings filed in the Central District of Illinois have been referred to the bankruptcy judges. CDIL-Bankr. LR 4.1; 28 U.S.C.

§157(a). The determination to allow or disallow a claim of exemption in property of the estate is a core proceeding. 28 U.S.C. §157(b)(2)(B). Disputes regarding the allowance of an exemption in property of the estate stem from the bankruptcy itself and therefore may be constitutionally decided by a bankruptcy judge. *See Stern v. Marshall*, 131 S. Ct. 2594, 2618 (2011).

### III. Legal Analysis

Although the Coyle Creditors objected to all of the Debtor's claimed exemptions, they have limited their arguments in their recently filed briefs to her claim of exemption in her IRAs. In large measure, their arguments are based on equitable considerations and allegations of wrongdoing by the Debtor. In their initial brief, the Coyle Creditors ignored the Supreme Court's decision in *Law v. Siegel*, 134 S. Ct. 1188 (2014), which limited the consideration of equitable factors in disallowing exemptions. Instead, they relied extensively on inapplicable Wisconsin law. In their reply, the Coyle Creditors attempt to distinguish *Law* and rely largely on pre-*Law* cases to support their arguments. The Debtor maintains that *Law* controls the outcome here and that she is entitled to claim her IRAs as exempt under the Illinois exemption statute. *See* 735 ILCS 5/12-1006. The Coyle Creditors have the burden of proving that the Debtor is not entitled to the exemptions she claimed. Fed. R. Bankr. P. 4003(c).

*A. Law v. Siegel prohibits the disallowance of the Debtor's exemptions based on non-statutory equitable factors.*

*Law v. Siegel* involved a debtor who claimed a homestead exemption in his

residence and reported on his schedules that the residence was subject to two deeds of trust. The second deed of trust purported to secure a loan of almost $157,000 but after extensive investigation and expensive litigation, the trustee in the case established that it was a fiction created by the debtor to preserve the equity in his residence for himself. *Law,* 134 S. Ct. at 1193. Because the debtor had committed fraud by his misrepresentations about the second deed of trust, the bankruptcy court surcharged the debtor's homestead exemption to pay the trustee's fees. *Id.*

The Supreme Court reversed the surcharge on the debtor's homestead, finding that the bankruptcy court had no authority to "override explicit mandates" of the Code and that the Code specifically provides that exempt property "is not liable for the payment of administrative expenses." *Id.* at 1194-95; 11 U.S.C. §522(k). The Court went further, however, and made clear that its holding was broader than just prohibiting the surcharging of exempt property. The Court stated that "whatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines" of the Code. *Law,* 134 S. Ct. at 1194 (citing *Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 206 (1988)). And the Court made clear that bankruptcy courts cannot grant or deny exemptions "based on whatever considerations they deem appropriate" and do not have "a general, equitable power . . . to deny exemptions based on a debtor's bad-faith conduct." *Law,* 134 S. Ct. at 1196.

Important to the issues here, the Supreme Court also noted the trustee's reliance on several cases that had approved the disallowance of exemptions based

on the fraudulent concealment of assets alleged to be exempt, and it rejected the holdings of those cases. *Id.* Among the cases specifically mentioned by the Court was *In re Yonikus*, 996 F.2d 866 (7th Cir. 1993), which was previously the controlling precedent in this district on the issue. Thus, it is generally now agreed that the holding of *Yonikus*, which approved the denial of a debtor's exemption claim in fraudulently concealed property, has been abrogated. *See, e.g., In re Bogan*, 534 B.R. 346, 348 (Bankr. W.D. Wis. 2015); *In re Franklin*, 506 B.R. 765, 771 n.3 (Bankr. C.D. Ill. 2014)(Perkins, J.). Bankruptcy courts no longer have the authority to consider the merits of objections to exemptions based on bad faith or non-statutory equitable grounds.[1] *Bogan*, 534 B.R. at 350; *Franklin*, 506 B.R. at

---

[1] Nothing herein should be construed as suggesting that even if *Yonikus* were still good law, the Coyle Creditors would prevail on their objection to the Debtor's claim of exemptions on equitable grounds. *Yonikus* held that an exemption could be denied in property that had been fraudulently and intentionally concealed. *Yonikus*, 996 F.2d at 874. Here, it is not disputed the Debtor disclosed both of her IRAs on her schedules filed contemporaneously with her petition. The Coyle Creditors' complaint is that she did not disclose her contributions to the IRAs at paragraph 10 of her SOFA. But it is not at all clear that IRA contributions are the type of "transfer" that must be reported at paragraph 10. "Transfer" is a defined term that includes, *inter alia,* the "absolute or conditional . . . disposing of or parting with" an interest in property. 11 U.S.C. §101(54). Making a contribution into a person's own IRA does not fit squarely within the definitions of "transfer." And even if the Debtor's annual contributions should have been disclosed on her SOFA, the initial disclosure of the IRA accounts on her schedules is clear evidence that the Debtor had no intent to conceal her IRAs from the Trustee or her creditors. One court that did find that an IRA is a self-settled trust and that contributions must be disclosed at paragraph 10b of the SOFA also declined to find that the requirement was so obvious that the failure to disclose was evidence of an intent to defraud creditors. *In re Thomas*, 477 B.R. 778, 785 (Bankr. D. Idaho 2012). It would be a real stretch to apply *Yonikus* to the facts here and conclude that the Debtor should be denied her IRA exemptions due to fraudulent concealment when, in fact, both of her IRAs were fully disclosed with the initial case filing.

772.

The Coyle Creditors attempt to distinguish *Law* but their efforts are unpersuasive. They argue that *Law* does not apply because they timely objected to the Debtor's exemption claim and are not trying to surcharge exempt property later in the case. But nothing in *Law* suggests that the timing of the filing of the objection is controlling or even relevant to the inquiry of whether an exemption can be disallowed on non-statutory equitable grounds. And no issues have been raised by any party here regarding the timeliness of the filing of either the exemption claim or the objection.[2] Further, they argue that *Law* dealt with a homestead exemption and they are objecting to a personal property exemption. Again, however, nothing in *Law* suggests that its holding is limited only to exemption claims in homestead property. Although the Coyle Creditors point out differences between the facts in *Law* and the instant case, they fail to suggest any meaningful distinction that would limit the applicability of *Law* here. Post-*Law*,

---

[2] The Coyle Creditors mention in their brief that the Trustee cited Fed. R. Bankr. P. 4003(b)(2) in her objection to exemptions which she has since withdrawn. Fed. R. Bankr. P. 4003(b)(2) provides an extension of time for a trustee to object to a claim of exemptions "if the debtor fraudulently asserted the claim of exemption." The rule is procedural in nature and, as with all of the bankruptcy rules, does not abridge, enlarge, or modify any substantive rights of the parties. 28 U.S.C. §2075. The purpose of the citation to the rule appears to be to justify citation to *In re Woolner*, 2014 WL 7184042 (Bankr. E.D. Mich. Dec. 15, 2014). In *Woolner*, the bankruptcy court declined to apply *Law* to the matter before it despite what it acknowledged was a significant body of case law suggesting that *Law* should be applied, and instead relied on Fed. R. Bankr. P. 4003(b)(2) for substantive authority to deny a claim of exemption on equitable grounds. *Id.* at *4. This Court does not find the reasoning of *Woolner* to be persuasive in any respect. Fed. R. Bankr. P. 4003(b)(2) does not provide a substantive basis to deny a claim of exemption.

"bankruptcy courts do not have authority to use their equitable powers to disallow exemptions or amendments to exemptions due to bad faith or misconduct." *Ellman v. Baker (In re Baker)*, 791 F.3d 677, 683 (6th Cir. 2015). That is true regardless of any "artificial delineation" suggested by a trustee or creditor in an effort to avoid the impact of *Law*. *Id.*

To the extent the Coyle Creditors are asking this Court to deny the Debtor's claim of exemptions in her IRAs based on either her conduct that resulted in the Wisconsin judgment against her or her acts that supported the denial of her discharge, their objection must be denied. Absent specific statutory authority, exemptions cannot be denied based on objections alleging bad faith or wrongful conduct. *Law*, 134 S. Ct. at 1196; *Baker*, 791 F.3d at 682-83; *Elliott v. Weil (In re Elliott)*, 523 B.R. 188, 189 (B.A.P. 9th Cir. 2014). Allowance or disallowance of the Debtor's claim of exemption must be based on the express provisions of the Code or applicable state law. *Law*, 134 S. Ct. at 1196.

*B. The Debtor's claim of exemption in her IRAs should be allowed under Illinois law.*

The Debtor is a resident of Illinois and was required to use the Illinois exemptions in this case. 735 ILCS 5/12-1201; 11 U.S.C. §522(b). Accordingly, she claimed her IRAs as exempt under the applicable Illinois statute, which provides in part:

§ 12-1006. Exemption for retirement plans.

> (a) A debtor's interest in or right, whether vested or not, to the assets held in or to receive pensions, annuities, benefits, distributions, refunds of contributions or other

>   > payments under a retirement plan is exempt from judgment, attachment, execution, distress for rent, and seizure for the satisfaction of debts if the plan (i) is intended in good faith to qualify as a retirement plan under applicable provisions of the Internal Revenue Code of 1986, as now or hereinafter amended, or (ii) is a public employee pension plan created under the Illinois Pension Code, as now or hereafter amended.
>   >
>   > (b) "Retirement plan" includes the following:
>   >
>   > . . . .
>   >
>   >   > (3) an individual retirement annuity or individual retirement account [.]
>
> 735 ILCS 5/12-1006(a), (b)(3).

The Coyle Creditors do not argue that the Debtor is not an Illinois resident or that the statute cited above is not applicable. To the contrary, they concede in their briefs that the Debtor was required to use the Illinois exemptions and that their objection to her exemption claim must also be based on Illinois law. They correctly assert that *Law* does not prohibit the denial of an exemption for debtor misconduct when applicable state law provides the basis for the denial. *Law*, 134 S. Ct. at 1196-97. The Coyle Creditors have failed, however, to provide any compelling authority that the Debtor should be denied her exemption in her IRAs under Illinois law.

In their briefs in support of their objection, the Coyle Creditors do not reference §12-1006 and they cite to no case law interpreting §12-1006. Instead, they rely on a provision of §12-1001, dealing with personal property, which provides:

> If a debtor owns property exempt under this Section and he or she purchased that property with the intent of converting nonexempt property into exempt property or in fraud of his or her creditors, that property shall not be exempt from judgment, attachment, or distress for rent. Property acquired within 6 months of the filing of the petition for bankruptcy shall be presumed to have been acquired in contemplation of bankruptcy.

735 ILCS 5/12-1001.

The Coyle Creditors do not explain how a provision specifically limited to exemptions claimed "under this Section"—§12-1001—would apply to exemptions claimed under a different section. They just presume that it does and make their arguments accordingly. But the provisions of §12-1001 do not modify the provisions of §12-1006 and this Court declines to read a relationship into the separate, distinct provisions where there is no evidence that the legislature intended such a relationship.

To the extent Illinois courts have discussed the construction of exemption statutes, they have generally found that the express language of the statutes control and the forfeiture of exemptions "can only be accomplished in the manner provided by the statute." *Leupold v. Krause*, 95 Ill. 440, 445 (1880); *see also Estate of Millhouse*, 60 Ill. App. 3d 549, 552, 377 N.E.2d 382, 384-85 (1978). The Coyle Creditors urge this Court to ignore Illinois case law, arguing that the Illinois cases deal with homestead exemptions and such exemptions are entitled to more deference than exemptions in personal property. But the Coyle Creditors provide no persuasive authority for that proposition and, perhaps more troubling, urge the Court not only to discount Illinois law but to instead consider cases from Wisconsin, Kansas, and Florida, some of which dealt with the homestead

exemptions under those states' laws.

In deciding issues of state law, a federal court should follow the decisions of the highest court of the state and, in the absence of such authority, should predict how the highest court would rule. *MindGames, Inc. v. Western Publishing Co., Inc.*, 218 F.3d 652, 655-56 (7th Cir. 2000). When an appellate court has ruled directly on an issue, that decision should control the prediction unless there are "persuasive indications" that the highest court would "decide the issues differently." *Allen v. Transamerica Ins. Co.*, 128 F.3d 462, 466 (7th Cir. 1997). The Illinois courts have consistently held that the language of the statute controls the allowance or disallowance of exemptions. This Court predicts that, if asked to decide a case regarding the retirement plan exemption, the Illinois Supreme Court would rule based on the express language of the statute rather than by carving out equitable exceptions to the exemption.

Section 12-1006 does provide limits on retirement plan exemptions, requiring that the plan in which an exemption is taken must have been "intended in good faith to qualify as a retirement plan under the Internal Revenue Code[.]" 735 ILCS 5/12-1006(c). This provision could be used to deny exemptions for excess or out of time contributions made to IRAs or other retirement plans. But here, the Debtor's contributions were made in amounts and at the times expressly allowed by the Internal Revenue Code. 26 U.S.C. §219(b)(5), (f)(3). The Debtor's exemption under §12-1006 is proper and allowable.

The Coyle Creditors argue that the contributions made by the Debtor into her IRAs were fraudulent and that her claim of exemption can be denied on that

basis under Illinois law. Again, however, the Coyle Creditors fail to present persuasive authority for their arguments.

Relying heavily on *Barber v. Dunbar (In re Dunbar)*, 313 B.R. 430 (Bankr. C.D. Ill. 2004), the Coyle Creditors assert that the Debtor's exemptions in her IRAs can be denied as fraudulent transfers. But *Dunbar* undercuts rather than supports their position. In *Dunbar*, the debtor used funds from a non-exempt savings account to pay a 401(k) loan and then filed bankruptcy claiming the 401(k) account as exempt. *Id.* at 432. The trustee objected to the debtor's claim of exemption and sought to recover the amounts used to pay the loan as a fraudulent conveyance. *Id.* at 433. The parties agreed that the decision on the fraudulent conveyance issue would be determinative of the exemption issue.[3] *Id.* The bankruptcy court held that, although the payment of the 401(k) loan was a "transfer" as contemplated by the fraudulent transfer provisions of the Code, the payment was not a fraudulent transfer because the debtor had received equivalent value for the transfer. *Id.* at 437; 11 U.S.C. §§101(54), 548. "The reasonable equivalence standard is satisfied, notwithstanding the shift to an exempt asset." *Dunbar*, 313 B.R. at 437.

The Debtor here contributed funds from her money market account to her IRAs. After making the contributions, her net worth was not diminished; the

---

[3] The debtor in *Dunbar* made the loan payment to the third-party administrator of the 401(k) plan and that administrator was sued by the trustee to recover the alleged fraudulent conveyance. Under such circumstances, if the trustee had recovered the funds that the debtor voluntarily transferred, the debtor would have been statutorily precluded from claiming an exemption in the recovered funds. 11 U.S.C. §522(g)(1)(A). Because the Debtor in the instant case retains control of her IRAs, §522(g) would not be applicable here.

Debtor had the same amount of funds on deposit after the contributions as she had on deposit before the contributions.

*Dunbar* articulates the well-settled principle that transfers that result in non-exempt property becoming exempt are not necessarily improper. *Dunbar*, 313 B.R. at 438. If non-exempt wages or savings could never be used to acquire exempt property, it is hard to think of a scenario where a debtor could actually contribute funds into a retirement plan and maintain an exemption for that plan. Likewise, it would be hard to think of a way that a debtor could build up exempt equity in a home, automobile, or other personal property if an exemption is unavailable whenever non-exempt funds are used to purchase or make payments for an asset. This Court has already found after a contested hearing that the Debtor's testimony that she did not make the IRA contributions in contemplation of bankruptcy was credible and unrebutted. *Coyle*, 538 B.R. at 768. Under those circumstances and the holding of *Dunbar*, the contributions made by the Debtor to her IRAs were not fraudulent conveyances and there is no basis to question the Debtor's claim of exemption based on a fraudulent conveyance theory.

The Coyle Creditors also argue that this Court's decision denying the Debtor her discharge supports denying her claim of exemptions. They say that, although this Court found only that the Debtor had hindered and delayed her creditors by the transfers she made in November 2013, this Court could now find that the transfers also defrauded creditors. In making the argument, the Coyle Creditors do not explain how transfers made by the Debtor to her attorneys and her husband relate to contributions made many months before into her IRAs. That is,

-14-

even if the transfers made in November 2013 were fraudulent, it would not mean or even suggest that the IRA contributions were also fraudulent. But, in any event, this Court declines to alter the findings it previously made in the discharge case. This Court found only that the transfers hindered and delayed the Coyle Creditors. *Id.* at 766. This Court did not find that the transfers defrauded the Coyle Creditors because there was no proof to support such a finding. There is no basis at this point to reconsider the findings previously made.

It is also important to note that in the decision denying the Debtor's discharge, this Court specifically found that the Baird money market account from which the payments to the attorneys and her husband were made was property of the Debtor. *Id.* This Court noted that, in order for the Coyle Creditors to prevail under their §727(a)(2)(A) count, they needed to prove that the Debtor "transferred . . . her property." *Id.* Because the issue was conceded by the Debtor, the Coyle Creditors met their burden of proof on the issue. *Id.* But the Coyle Creditors now suggest that the Baird money market account from which the IRA contributions were also made was not really the property of the Debtor because the account contained funds converted from the Debtor's father. Presumably, the goal is to establish that if the account was not really hers, then the funds transferred to the IRAs from the account were not hers, and she cannot now claim an exemption in those funds regardless of the fact that the transferred funds are in an exempt IRA account. But having prevailed on the issue of whether the account was property of the Debtor in the discharge action, the Coyle Creditors are estopped from arguing that the Baird money market account was not her property for the

purpose of tracing funds in which her exemption is claimed. *See Cannon-Stokes v. Potter*, 453 F.3d 446, 448 (7th Cir. 2006). Judicial estoppel precludes a party who has prevailed on one theory from prevailing on a contradictory theory later in the same case. *Id.* For purposes of the decision here, the Baird money market account must be considered the property of the Debtor.

Although the Coyle Creditors have conceded that Illinois law must control the decision here, they cited little in the way of relevant authority in support of their objection. They base their arguments almost exclusively on what they claim are the equities. But as explained above, under current bankruptcy and Illinois law, non-statutory equitable arguments provide an insufficient basis to deny an otherwise proper claim of exemptions.

### IV. Conclusion

The Coyle Creditors have asked this Court to deny the Debtor's claim of exemptions in her IRA accounts based on the findings of both this Court and the Wisconsin state court that she has engaged in wrongful conduct. But the Coyle Creditors have failed to provide any legitimate basis for this Court to grant them the relief requested. The Supreme Court has clarified that the authority previously thought to exist in bankruptcy courts to deny exemptions based on non-statutory equitable grounds is not found in the Code. Likewise, no authority exists under Illinois law to carve an exception into the exemption statutes based on the conduct complained of here. The objection to exemptions must be denied.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

###